## RUTH M. BONSER, Respondent, *v.* A. F. MILLER, APPELLANT.

Conveyance—When not Voluntary.—A conveyance, the consideration of which is marriage, is not a voluntary conveyance.

Marriage—Conveyance of, not Presumed Fraudulent.—Marriage being a valuable consideration, such conveyance will not be presumed to be fraudulent, either as to existing or subsequent purchasers.

Fraud.—It may, however, be set aside and held to be void for actual fraud. Both parties must concur in the fraud before the deed can be set aside.

Appeal from Multnomah County.

This was a suit in equity, in the Circuit Court of Multnomah County, against the defendants, to quiet the title to six hundred and forty acres of land described in the complaint. The respondent claims title in fee-simple, under a conveyance from John Bonser, executed on January 20, 1866, in consideration of an agreement of marriage with the said Bonser, and claims to have been in actual, open and notorious possession of said lands, by her tenants, since May, 1866, and that appellant claims some interest in said lands adversely to respondent and threatens to eject respondent. The appellant's title is derived through an execution sale on a judgment obtained against said John Bonser, on September 14, 1866, subsequent to the conveyance to respondent, which judgment was obtained upon a debt subsisting against John Bonser prior to January, 1866, the date of John Bonser's conveyance to Ruth M. At the time the conveyance to Ruth M. was executed, John Bonser was in failing circumstances and unable to pay his debts, the appellant being one of his creditors. John Bonser and Ruth M. intermarried on the 21st of January, 1866, the day after the conveyance to Ruth M. The cause was referred to a referee to report findings of fact and law. The referee found the facts here stated, and further, that Ruth M., prior to accepting the deed from John Bonser, used reasonable care and diligence to ascertain the true financial condition of John Bonser; that she had no notice of the insolvency of John Bonser, or of his being in debt at the time of said transfer; that the transfer of said premises to her by John

Bonser was *bona fide;* that the claim upon which appellant's judgment was obtained was not a lien on the disputed lands at the time of their being transferred by John Bonser to Ruth M. Dow; that the prayer of the complaint should be granted.

The court below rendered a decree confirming the report, from which defendant Miller has appealed to this Court.

*Marquam & Beale and A. H. Townsend,* for Appellant.

*Shattuck & Killin,* for Respondent.

By the Court, PRIM, J.:

The main question to be determined in this case is whether the conveyance of the lands in controversy from John Bonser to plaintiff was fraudulent as to defendant. At the time it was made she appears to have occupied the relation of an intended wife to the said Bonser. The consideration of the conveyance having been an agreement of marriage, it was not a voluntary conveyance, but a conveyance upon a valuable consideration, and the plaintiff must be treated as a purchaser for value. A voluntary conveyance made by a grantor at a time when largely indebted will be conclusively presumed to be fraudulent as to such debts; while a conveyance made for a valuable consideration will not be presumed fraudulent as to existing or subsequent creditors, but may be set aside and held void for actual fraud. (1 Story's Eq. J., § 359.)

Under the pleadings in this case, in order to have the conveyance in question set aside and held fraudulent and void as to plaintiff, it was incumbent upon the defendant to show that at the time of its execution her grantor was not only indebted to him and others, and that said conveyance was made to delay and defraud creditors, but that plaintiff had knowledge of these facts, and participated in the fraud. (*Magniac* v. *Thompson,* 7 Peters, 389.)

The case just cited involved an ante-nuptial settlement similar to the one under consideration. Mr. Justice Story, in delivering the opinion of the court, said: "Nothing can

be clearer, both upon principle and authority, than the doctrine that to make an ante-nuptial settlement void as a fraud upon creditors, it is necessary that both parties should concur in or have cognizance of the intended fraud. If the settler alone intend a fraud, and the other party have no notice of it, but is innocent of it, she is not, and cannot be affected by it.

"Marriage, in contemplation of the law, is not only a valuable consideration to support such a settlement, but is a consideration of the highest value; and from motives of the soundest policy is upheld with a steady resolution. The husband and wife, parties to such a contract, are therefore deemed in the highest sense purchasers for a valuable consideration; and so that it is *bona fide*, and without notice of fraud brought home to both sides, it becomes unimpeachable by creditors. Fraud may be imputable to the parties either by direct co-operation in the original design at the time of its concoction, or by constructive co-operation from notice of it, and carrying the design after such notice into execution." As to whether plaintiff had any notice of the insolvent condition of Bonser at the time the conveyance was accepted by her is a question of fact which must be determined upon the evidence in the case. On this point it appears that the referee to whom this cause was referred, found that although plaintiff had used reasonable care and diligence to ascertain John Bonser's true financial condition, she had no notice of his insolvent condition; and that, so far as the plaintiff was concerned, the conveyance was a *bona fide* transaction.

On a full review of the evidence we are satisfied the finding of the referee is supported by the evidence. It appears from the evidence that at the time the deed was executed plaintiff was in Washington Territory; and that prior to accepting the deed she employed Judge McFadden to investigate the financial condition of Bonser, who was unable to find that he was at all indebted. And while he found him in the possession of a large amount of personal and real property, he could not find that there was any mortgage, judgment or other lien upon any of it. And it appears that

he did not in fact owe but about six hundred dollars on his own account.

The decree should be affirmed.